252 A.2d 182.

MARGARET ANN SPENCER, *p.a. vs.* VIOLETTE JOLLEY PRIESTLY, *Executrix u/w of Charles W. Jolley, et al.*

APRIL 17, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J.   This is a bill in equity for the construction of a will.   When the cause was ready for final decree in the superior court, a justice of that court certified it to this court for our determination pursuant to the provisions of G. L. 1956, §9-24-28.   The complainant, Margaret Ann Spencer, is a grandchild of Charles W. Jolley, late of Harrisville in the town of Burrillville, Rhode Island.   The respondents are Violette Jolley Priestly, executrix and trustee under the will of Charles W. Jolley, deceased, and others who claim an interest in the property which constitutes the corpus of the trust.

From an agreed statement of fact, it appears that the mother of complainant is a daughter of the decedent, Charles W. Jolley.   It further appears that the will under consideration here was prepared by a member of the bar of the state of Maine sometime prior to February 20, 1962. It is further agreed that the will was executed by the testator on April 23, 1962, and that complainant had been born on April 7, 1962, some 16 days prior to the execution of the will.   The fifth paragraph of the will provides for the disposition of the residue of the estate as follows:

> *"Fifth.* If my wife predeceases me or at her decease, I direct my Executrix and Trustee, hereinafter named, to give in trust the residue of my estate, in trust, nevertheless, for the benefit of my five grand-children, Philip Priestly, Richard Jolley, Linda Jolley, Louise Spencer and Albert Spencer, Jr. in equal shares, share and share alike, until each grand-child attains the age

of twenty-one. At which time, his or her, share will be given to said beneficiary. This trust shall cease when the last grand-child attains the age of twenty-one. Under no circumstances shall any unborn grand-children, as of this date, or other than the above named five grand-children receive any sum or be included in this mentioned trust."

The complainant, in effect, requests the court to instruct the trustee as to her right to share in the residue of the estate under paragraph Fifth of the will. She asks, first, whether complainant "* * * a grandchild of said testator, fall[s] within the provisions of said trust in that she was born prior to the execution of said will and thereby has a right to share equally in said trust estate," and, secondly, she asks: "Does the language of said Paragraph 'Fifth' evidence an intention on the part of said testator to include all grandchildren living at the time of the execution of said will within the terms of the trust estate set forth in Paragraph 'Fifth' of said will."

The complainant, as we understand her, argues that the phrasing of the last sentence in paragraph Fifth obscures the testator's intent to include within his bounty grand-children born prior to the execution of the will. She argues that the paragraph should be construed as making a gift to a class, the membership of which was to be determined as of the date of the execution of the will, and expressly argues that the testator intended to include within the class thus established the five grandchildren named therein as well as any grandchildren living as of the date of the execution of the will.

On the other hand, respondents argue the contrary, contending that the intent of the testator was to distribute the residue of his estate in equal shares among the five grandchildren named therein. This is to argue, as we understand them, that the words with which the paragraph ends, "Under no circumstances shall any unborn grand-

children, as of this date, or other than the above named five grand-children receive any sum or be included in this mentioned trust," disclose clearly within the terms of the will an intent to limit his bounty to the five grandchildren as individuals named in paragraph Fifth.

We agree with respondents that the last sentence of paragraph Fifth of the will clearly indicates that the testator intended to make gifts to the grandchildren named therein as individuals and that paragraph, read as a whole, discloses an intention on his part to exclude any other grandchildren from participation therein. We are aware that the scrivener used the phrase "Under no circumstances shall any unborn grand-children, *as of this date*, * * *" in paragraph Fifth and that the complainant contends, as we understand her, that the phrase "as of this date" refers to the date of execution of the will and, therefore, discloses an intent contrary to that of making individual gifts to the designated grandchildren. (italics ours) This, of course, is to argue that the testator intended to include all grandchildren as had been born and were living at the date of the execution of the will. We are unable to accept this contention, however, because it is our opinion that the last sentence of paragraph Fifth must be read as a whole and cannot be fragmentized for the purpose of giving substance to what is pure speculation, that is, that the testator intended to include grandchildren born up to the time of the execution of the will. When the sentence is read as a whole, we are unable to escape the conclusion that the intention of the testator was to make a gift of the residue of his estate in equal shares to the five grandchildren expressly designated therein.

The parties may present to this court for our approval a form of judgment in accordance with this opinion to be entered in the superior court.

*Thomas J. Kane,* for complainant.

*F. Monroe Allen, Scott K. Keefer,* guardian ad litem for interested parties who are minors, *Roland O. Fournier,* attorney for those in the Military Service, for respondents.